DAVIS, Agent, etc., v. DEXTER & CAR-PENTER, Inc.

(Circuit Court of Appeals, Fourth Circuit. September 29, 1924.)

No. 2250.

Appeal and error ⬤➔1099(10)—Judgment conforming to prior decision and remand will not again be reviewed.

Where the appellate court, in reversing a judgment on a former writ of error, determined that plaintiff was entitled to recover the amount sued for, a judgment for plaintiff on a second trial on substantially the same evidence will not be reversed.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Action at law by Dexter & Carpenter, Inc., against James C. Davis, Agent, etc. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 281 F. 385.

Duncan K. Brent, of Baltimore, Md. (Francis R. Cross, of Baltimore, Md., on the brief), for plaintiff in error.

William B. Symmes, Jr., of New York City (Davis, Symmes & Schreiber, of New York City, on the brief), for defendant in error.

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

WADDILL, Circuit Judge. This is a writ of error to a judgment of the United States District Court for the District of Maryland, rendered on the 9th day of May, 1923, in favor of the defendant in error against the plaintiff in error, for $27,264.11, with interest and costs. The writ of error was sued out from the District Court direct to the Supreme Court of the United States, and by order of the latter court was transferred to this court, pursuant to the Act of Congress of September 14, 1922, c. 305, 42 Stat. 837 (Comp. St. Ann. Supp. 1923, § 1215a).

The case was heretofore before this court on a writ of error to the District Court of Maryland, challenging the correctness of the judgment that court rendered in favor of the plaintiff in error against the defendant in error, which latter judgment was reversed by this court on the 31st of May, 1922, a new trial awarded, and the case remanded to the District Court for retrial. 281 F. 385. Reference may be had to that decision as containing a full and accurate account of the facts and circumstances of the case, which need not be recited here. By that decision, this court concluded that the plaintiff, the defendant in error herein, was entitled to recover of the plaintiff in error the full amount of the claim sued for. At the new trial, the District Court in all respects complied with and carried out the judgment of this court, and in so doing rendered the judgment complained of in favor of the plaintiff, the defendant in error, against the plaintiff in error herein. The facts in the two trials seem not to have been materially different, if at all. We therefore perceive no reason for changing the views expressed in our previous opinion. 281 F. 385, supra. The view of the court was that Georgia, Florida & Alabama Railway Co. v Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, did not involve and did not apply to deliberate taking or confiscation of freight.

The judgment of the District Court is hereby affirmed.

Affirmed.